United States District Court
District Court of Maine

GLEN PLOURDE,                              )
                                          )
                Plaintiff                 )
                                          )     Complaint for a Civil Case
        v.                                )     And Demand for a Jury Trial
                                          )
THE STATE OF MAINE, WILLIAM               )
ANDERSON, CHARLES BUDD,                   )
THE PENOBSCOT COUNTY                      )     Civil Action No. _1:20-CV-00149- JAW_
DISTRICT ATTORNEYS OFFICE,                )
MARIANNE LYNCH, STEPHEN                   )
BURLOCK, PHILIP MOHLAR, and               )
DICK HARTLEY,                             )
                                          )
                Defendants                )

*U S DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED
APR 27 2020
CHRISTA K. BERRY, CLERK
BY
DEPUTY CLERK*

## I. Parties to the Complaint

Plaintiff

1.    Glen Plourde
      455 Chapman Road
      Newburgh, Penobscot County
      Maine 04444
      207.659.2595
      Glen.Plourde@Gmail.com (please do not use)

Defendant #1

2.    The State of Maine
      6 State House Station
      Augusta, Kennebec County
      Maine 04333
      207.626.8800 (phone)
      Email Unknown

Defendant #2

3.    William Anderson, Penobscot County Superior Court Justice
      78 Exchange Street

Bangor, Penobscot County
Maine 04401
207.561.2300 (phone)
Email Unknown

Defendant #3

    4.    Charles Budd, Newport District Court Judge
           12 Water Street
           Newport, Penobscot County
           Maine 04953
           207.368.5778 (phone)
           Email Unknown

Defendant #4

    5.    The Penobscot County District Attorney's Office
           97 Hammond Street
           Bangor, Penobscot County
           Maine 04401
           207.942.8552 (phone)
           Email Unknown

Defendant #5

    6.    Marianne Lynch, Penobscot County District Attorney
           97 Hammond Street
           Bangor, Penobscot County
           Maine 04401
           207.942.8552 (phone)
           Email Unknown

Defendant #6

    7.    Stephen Burlock, Penobscot County Assistant District Attorney
           97 Hammond Street
           Bangor, Penobscot County
           Maine 04401
           207.942.8552 (phone)
           Email Unknown

Defendant #7

    8.    Philip Mohlar Esq., Attorney at Law

67 Court Street, PO Box 189
Skowhegan, Somerset County
Maine 04976
207.474.6200 (phone)
207.474.6209 (fax)
philmohlar@beeline-online.net

Defendant #6

9.   Dick Hartley Esq., Attorney at Law
     15 Columbia Street
     Bangor, Penobscot County
     Maine 04401
     207.941.0999 (phone)
     Email Unknown

## II.  Jurisdiction and Venue

10.  This Court has subject matter jurisdiction over Plaintiff's Federal
     Constitutional Claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42
     U.S.C. §§§ 1983, 1985 and 1988, as this action arises under the
     Constitution and laws of the United States.

11.  This Court has subject matter jurisdiction over Plaintiff's Maine State
     Constitutional, Civil and Criminal Claims pursuant to 28 U.S.C. § 1367
     and 42 U.S.C. § 1988, as those claims are substantially related, both
     legally and factually, to the Federal Constitutional Claims upon which
     original jurisdiction is premised.

12.  This Court has personal jurisdiction over the Defendants as they are all
     residents of Maine.

13.  Venue in this district is proper under 28 U.S.C. § 1391(b) because the
     Defendants are residents of the district, and the events giving rise to the
     claim occurred within the district.

14.  This case is properly filed in Bangor because the Plaintiff was subject to
     unlawful action in Penobscot County.

## III.  Statement of Facts

15.  On Friday 06/10/16 the Plaintiff has been arrested by The Penobscot
     County Sheriff's Department for Domestic Violence Misdemeanor Class

D and taken to Penobscot County Jail for what would become case NEWDC-CR-18-20309 and later PENDC-CR-18-20309.

16.  During his arrest, the Plaintiff has seen and overheard the Plaintiff's Father ("the alleged victim") pleading with the Penobscot County Sheriff's Department Officer(s) not to arrest the Plaintiff (his son) as he did not want his son to be arrested.  The Penobscot County Sheriff's Department Officer(s) appeared to be intimidating the Plaintiff's Father as they were standing very close to him and talking down to him (literally and figuratively) in a very authoritarian and pejorative manner, and the look on the Plaintiff's father's face was clearly one of fear and distress.

17.  On Monday 06/13/16 the Plaintiff has met with "Attorney of the Day" "Michael Michaels" while at Penobscot County Jail and has received bad legal advice from "Michael Michaels".  The Plaintiff finds it suspicious that this attorney has introduced himself as "Michael Michaels" (surely an alias), has not disclosed his true identity, and has furthermore given the Plaintiff bad legal advice.

18.  On 06/13/16 the Plaintiff appeared from jail, via videoconference, before District Court Judge Bruce Jordan (presumably, as stated in the Docket Record) and plead Not Guilty to the charge of Domestic Violence Misdemeanor Class D.

19.  Plaintiff was then given a subsequent court hearing date of 07/27/16 and ordered to appear at The Newport District Court on that date.

20.  Plaintiff was released that day 06/13/16 upon "unsecured bail" of $1,000, requiring him to pay that amount should he fail to appear in court for his hearing, scheduled for 07/27/16.

21.  Plaintiff has paid $0.00 in order to secure his release as he had no cash or assets in his possession at that time.

22.  On or about Friday 07/01/16, the Plaintiff has retained Attorney Philip Mohlar Esq., of 67 Court Street, Skowhegan Maine 04976 ("Philip Mohlar") after experiencing considerable trouble finding an attorney willing to take his case in the Farmington/Skowhegan area.  Plaintiff finds this fact to be highly suspicious.

23.  The considerable trouble the Plaintiff has experienced in (¶22), as well as the considerable trouble the Plaintiff has experienced with case NEWDC-CR-16-20309, has been reported to Senator Susan Collins and

The Maine Human Rights Commission on 08/02/17 and Governor Paul LePage, The Maine Government Oversight Committee and The Maine Office for Program Evaluation and Government Accountability on 08/04/17, The Federal Bureau of Investigation at their Boston Massachusetts Regional Field Headquarters on 10/11/17, among other numerous and notable Federal and State Government entities since that time. Exhibit A, pages 5 – 10, line items 13 – 17.

24. Philip Mohlar has informed the Plaintiff on his date of hire, on or about 07/01/16, that the infraction alleged to have been committed by the Plaintiff "arguably didn't even rate a 1 on a scale of 1 – 10 of domestic violence" (10 being the worst), and that "these cases are usually settled by plea bargain quickly and without much problem".

25. On or about 07/27/16, The Plaintiff has been told by Philip Mohlar that he has spoken to the Plaintiff's father's ("alleged victim") attorney, Dick Hartley of Bangor Maine, and that Dick Hartley has communicated to both Philip Mohlar and the Penobscot County District Attorney's Office ("District Attorney's Office") and Penobscot County District Attorney Marianne Lynch ("Marianne Lynch") that the Plaintiff's father did not want The State of Maine to prosecute the Plaintiff for criminal charges, and furthermore both the Plaintiff's father and brother ("witness") were unwilling to testify against the Plaintiff and therefore it should be an easy process of getting the District Attorney's Office and District Attorney to agree to a plea agreement in case NEWDC-CR-16-20309. Exhibit B.

26. The Plaintiff has since learned that both the alleged victim and the witness have the right to refuse to take the stand or otherwise testify against the defendant in a criminal proceeding against the Plaintiff.

27. The Plaintiff has furthermore since learned that without either the alleged victim and/or the witness testifying against the Plaintiff, there is no case against the Plaintiff as the Plaintiff has a Fourth Amendment Right to face his accuser(s) in a Court of Law for criminal proceedings. The Plaintiff knows there are additional reasons that "no victims or witnesses" is the equivalent of "no criminal case" in this instance, and furthermore rightfully suspects that there are other reasons he does not know of that concludes "no victims or witnesses" is the equivalent of "no criminal case" in this instance.

28. The Plaintiff therefore asserts that The District Attorney and Marianne Lynch should have dropped their case against the Defendant immediately upon receiving the information from the alleged victim's

attorney Dick Hartley that the alleged victim did not want The State of
Maine to prosecute the Plaintiff and both the alleged victim and witness
were refusing to testify against the Plaintiff in this criminal proceeding
NEWDC-CR-18-20309 (¶¶25 – 27).

29.  The Plaintiff furthermore asserts that his attorney Philip Mohar
certainly knew the information in (¶¶25 – 28), and furthermore asserts
that had Philip Mohlar been acting in his best interest as his defense
attorney, as anybody who has paid to hire a criminal defense attorney to
properly defend them would reasonably conclude, he would have told
both the District Attorney's Office and Marianne Lynch something to
the effect of "Look, you have no case against my client because both the
alleged victim and the witness have both refused to testify, and
furthermore both the alleged victim and the witness don't want my
client to be prosecuted whatsoever, and therefore you need the drop
NEWDC-CR-16-20309 against my client immediately".  However, this
statement was clearly not made to the District Attorney's Office or
Marianne Lynch by the Plaintiff's defense attorney Philip Mohlar (as he
should have) as NEWDC-CR-16-20309 was not resolved until 04/26/17,
approximately 9 months later.

30.  The Plaintiff furthermore asserts that the alleged victim's attorney Dick
Hartley certainly knew the information in (¶¶25 – 28), and furthermore
asserts that had Dick Hartley been acting in the alleged victim's best
interest, as anybody who has paid to hire a criminal defense attorney to
convince The State of Maine, The District Attorney's Office, and
Marianne Lynch to drop criminal charge(s) against their son would
reasonably conclude, he would have told both the District Attorney's
Office and Marianne Lynch something to the effect of "Look, you have
no case against my client's son because the alleged victim (my client)
and the witness (my client's brother) have stated their intention to
refuse to testify against my client's son, they do not wish him to be
prosecuted by the State of Maine whatsoever, and therefore you need
the drop NEWDC-CR-16-20309 against my client's son (the Plaintiff)
immediately".  However, this statement was clearly not made to the
District Attorney's Office or Marianne Lynch by the alleged victim's
attorney Dick Hartley (as he should have) as NEWDC-CR-16-20309 was
not resolved until 04/26/17, approximately 9 months later.

31.  The Plaintiff furthermore asserts that The District Attorney's Office
certainly knew the information in (¶¶25 – 30), and furthermore asserts
that had that office been acting in accordance with both The Law and
the alleged victim(s)'s wishes and refusal(s) to testify, as anybody would
rightfully expect of a Law-Abiding District Attorney's Office, case

NEWDC-CR-16-20309 would have been dropped immediately. However, this clearly did not happen as the District Attorney's Office continued to prosecute the Plaintiff in this case for over 9 months until it was finally dismissed on 04/26/17.

32.   The Plaintiff furthermore asserts that Penobscot County District Attorney Marianne Lynch certainly knew the information in (¶23 – 26), and furthermore asserts that had she been acting in accordance with both The Law and the alleged victim(s)'s wishes and refusal(s) to testify, as anybody would expect of a Law-Abiding District Attorney, case NEWDC-CR-16-20309 would have been dropped immediately. However, this clearly did not happen as Marianne Lynch continued to prosecute the Plaintiff and NEWDC-CR-16-20309 was not resolved until 04/26/17, approximately 9 months later.

33.   The Plaintiff therefore asserts, for the facts cited in (¶24 – 32) that there has been conspiracy and collusion between The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to interfere with the Defendant's rights to face his accuser, a violation of his Fourth Amendment Constitutional Right under the United States Constitution.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would Agree.

34.   The Plaintiff furthermore asserts, for the facts cited in (¶24 – 32) that there has been conspiracy and collusion between The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to interfere with the Defendant's rights to Due Process, a violation of his Fifth Amendment Constitutional Right under the United States Constitution.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would Agree.

35.   The Plaintiff furthermore asserts, for the facts cited in (¶24 – 32) that there has been conspiracy and collusion between The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to Maliciously Prosecute the Plaintiff, a violation of his Fourth Amendment Constitutional Right under the United States Constitution.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would Agree.

36.   The Plaintiff furthermore asserts, for the facts cited in (¶24 – 32) that there has been conspiracy and collusion between The Penobscot County

District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to commit Abuse of Process upon the Plaintiff, a violation of his Fourth Amendment Constitutional Right under the United States Constitution.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would Agree.

37.   The Plaintiff furthermore asserts, for the facts cited in (¶24 – 32) that there has been conspiracy and collusion between The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to commit Malicious and Intentional Attorney Malpractice.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would Agree.

38.   The Fact that the Plaintiff's parents have hired attorney Dick Hartley to communicate to The State of Maine, The District Attorney's Office, and Marianne Lynch that the Plaintiff's father ("alleged victim") and the Plaintiff's father's brother ("witness") did not want the Plaintiff prosecuted and furthermore were refusing to testify against the Plaintiff in case NEWDC-CR-18-20309 (¶25) has been communicated to the Plaintiff in approximately mid-late 2017 and throughout the years of 2018 – 2020  numerous times by the Plaintiff's Mother and that fact has since been confirmed by the Plaintiff's Father in early 2020.  Exhibit B.

39.   Philip Mohlar has continued the Plaintiff's 07/27/16 court hearing for reasons of his own and without the Plaintiff's consent (Exhibit D). Exhibit C, Exhibit D.

40.   Furthermore, the motion for continuation of the 07/27/16 court hearing filed by Philip Mohlar references a "Plea Agreement" and "Alternative Dispute Resolution".  The details of this plea agreement were never communicated to the Plaintiff until approximately 09/27/16, and any other alternative dispute resolution was never discussed with the Plaintiff whatsoever, although he reasonably and justifiably believes it may have been the Title 15 Forensic Examination cited later and extensively in this complaint.  Exhibit C.

41.   Philip Mohlar has continued the Plaintiffs next court hearing, scheduled for 08/10/16 for reasons of his own (citing a personal vacation) and without the Plaintiff's consent (Exhibit E).  Exhibit C, Exhibit E.

42. Philip Mohlar and the Plaintiff were both in attendance at the next court hearing, held on 09/28/16, during which Philip Mohlar continued the case until 11/30/16. Exhibit F.

43. Prior to the 09/28/16 court hearing beginning, the Plaintiff has told Philip Mohlar specifically that he was frustrated with the lack of progress in the case and wanted to speak with Penobscot District Attorney Marianne Lynch by himself. Philip Mohlar looked both surprised and worried by the Plaintiff's request and asked the Plaintiff "Why, what are you going to say to her?" Plaintiff told Philip Mohlar he was "going to plead his case" (which was in-fact very solid) and Philip Mohlar told the Plaintiff that meeting Marianne Lynch was out of the question. Exhibit F.

44. Prior to the 09/28/16 court hearing but after the event(s) cited in (¶43), the Plaintiff was strongly cautioned, warned, and commanded by Philip Mohlar to "not enter the courtroom for any reason whatsoever" while he was inside and the hearing was taking place. Plaintiff therefore sat by himself in the lobby of Newport District Court during his own 09/28/16 hearing. Plaintiff finds this command by Philip Mohlar to be self-serving as well as self-serving the other parties named in this complaint. Exhibit F.

45. It was only after the 09/28/16 court hearing that Philip Mohlar has communicated to the Plaintiff any sort of plea agreement (presumably cited in ¶40), although he cited this plea agreement as "tentative" and said that it "would probably involve some counseling of some sort" although the details were extremely vague and Philip Mohlar would not tell the Plaintiff exactly that "counseling" entailed, so the Plaintiff therefore had no idea what to do in order to fulfill this Plea Agreement prior to his next court hearing scheduled for 11/30/16. Exhibit F.

46. Throughout the time spanning 07/01/16 – 10/30/16 the Plaintiff was justifiably alarmed by the fact that no progress was being made by Philip Mohlar, who had made the statements in (¶¶24 – 25) and who the Plaintiff had paid to represent him as his Defense Attorney in NEWDC-CR-16-20309. Exhibit C.

47. Throughout the time spanning 07/01/16 – 10/30/16 the Plaintiff has made a very large amount of calls to Philip Mohlar's Office (at least 2 per week), which were usually answered by Philip Mohlar's secretary who informed the Plaintiff that Philip Mohlar would get back to him as soon as possible, although the Plaintiff almost never received a single call-back from Philip Mohlar, and on those very rare occasions in which

the Plaintiff's calls were actually returned, Philip Mohlar did it as a token gesture and said he was returning the Plaintiff's call but did not have time to talk with him at that time.  Exhibit C.

48. The Plaintiff has, out of frustration resulting from the facts cited in (¶47), personally stopped by the Law Office of Philip Mohlar approximately three times during the time period of approximately 07/27/16 – 10/30/16, and each time he was chastised and berated by Philip Mohlar's secretary for "showing up unannounced" and each time Philip Mohlar was likewise not present in his office to meet with the Plaintiff as communicated by his secretary.  Exhibit C.

49. During the last such visit, Philip Mohlar's secretary told the Plaintiff angrily and obviously frustrated, "would you please just hold on, I'm trying to keep this from blowing up!"  Plaintiff looked at her questioningly as he had no clue what she was talking about.  The secretary then informed him hastily that she had just tried to heat a bagel (or something of that nature) and the microwave wasn't working properly.  Plaintiff had the very distinct and very real impression that the secretary was initially talking about the Plaintiff's case, circumstances or situation "blowing up" and not any microwave, and then changed her story when the Plaintiff did not play along.  Exhibit C.

50. On 11/02/16 the Plaintiff has entered into an agreement by consent with the alleged victim for a Protection from Abuse Order, case NEWDC-PA-16-00103, under the auspice that it would "give The State of Maine no reason to continue prosecuting the Plaintiff" as well as "The alleged victim's father has been told by his attorney Dick Hartley that this course of action was "in his best interest" if he wanted the State to drop its criminal charges against the Plaintiff".  These statements were communicated to the Plaintiff on or about 07/27/16 by Philip Mohlar and were later confirmed by the Plaintiff's Mother and Father ("the alleged victim").  Exhibit B.

51. However, it was clear during the subsequent NEWDC-CR-16-20309 proceedings, and verifiable from the hearing transcripts (Exhibit J, Exhibit M) that this Protection from Abuse Order made no difference upon The State of Maine, The District Attorney or Marianne Lynch's disposition towards the Plaintiff or case NEWDC-CR-20309 whatsoever.

52. Philip Mohlar has told the Plaintiff on the night of 10/30/17 that he had exhausted the Plaintiff's entire $1,500 retainer and furthermore was not interested in continuing to defend the Plaintiff.  Philip Mohlar asked the Plaintiff if he had any objection to Philip Mohlar withdrawing as his

defense attorney, and the Plaintiff has replied "no" as clearly it is not in the Plaintiff's best interest to be represented by an attorney who does not want to represent him.  Exhibit C.

53. On 10/31/17 Philip Mohlar has therefore submitted a Withdrawal of Counsel in NEWDC-CR-16-20309 pursuant to the conversation in (¶52). Exhibit G.

54. On 05/06/19, Philip Mohlar has been appointed by The Capital District Court as his court-appointed attorney in KENDC-CR-18-20983 and KENDC-CR-18-21183.  Philip Mohlar has stated to The Capital District Court, in a letter dated 05/15/19, that he was "not comfortable accepting an appointment for these cases" and specifically that "Mr. Plourde... ultimately fired me".  Exhibit H.

55. Philip Mohlar's letter to the court in (¶54) and Exhibit H is directly contradicted by the facts and evidence in (¶¶52 – 53) and Exhibit G. Philip Mohlar has clearly lied to The Capital District Judicial Center and the Plaintiff therefore asserts that Philip Mohlar is guilty of Perjury. This Perjury was harmful to the Plaintiff's cases KENDC-CR-18-20983 and KENDC-CR-18-21183 as at that time presiding Judge Eric Walker was contending that the Plaintiff could not get along with any attorneys, was strongly insinuating that the Plaintiff was firing his court-appointed attorneys without reasonable or justifiable cause for the purpose of extending his trial date, and the Plaintiff was in very real danger of losing his right to a court-appointed attorney pursuant to M.R. Civ. P. 44(B) as communicated to him by Judge Eric Walker. Furthermore, the Plaintiff was and is indigent and therefore could not afford to retain an attorney himself.  Exhibit I.

56. Philip Mohlar's letter to the court in (¶54) and Exhibit H is directly contradicted by the facts and evidence in (¶¶52 – 53) and Exhibit G. Furthermore, Philip Mohlar's Perjurious statement(s) to Judge Eric Walker and The Capital Judicial Center has defamed the Plaintiff's character both in those cases (as cited in ¶55), which are Public Record, and has furthermore defamed the Plaintiff's character by portraying the Plaintiff as a man who goes about firing lawyers for frivolous reasons hoping to extend his trial date, the motive for this action would be reasonably concluded to be that the Plaintiff was guilty and therefore hoping to prolong the time before which a guilty verdict would be rendered, at which time he would serve jail time.  Plaintiff therefore asserts that Philip Mohlar is guilty of Defamation of Character (Libel) of the Plaintiff.

57. The Plaintiff therefore asserts, for the reasons cited in (¶¶24 – 32, 38 – 56) that Philip Mohlar has practiced intentional and malicious Attorney Malpractice.

58. The Plaintiff therefore asserts, for the reasons cited in (¶¶24 – 32, 38, 50 – 51) that Dick Hartley has practiced intentional and malicious Attorney Malpractice.

59. The Plaintiff has appeared by himself and unrepresented at the 11/30/16 NEWDC-CR-16-20309 hearing knowing only that there "was a tentative plea agreement on the table that would probably involve some counseling", and nothing more (¶45).  Exhibit C.

60. The 11/30/16 hearing did not go as smoothly as the Plaintiff had anticipated, which is an understatement, as any person impartial person would agree by reading the trial transcript.  Exhibit J.

61. Prior to entering the courtroom, the Plaintiff had a chance to meet with Penobscot District Attorney Marianne Lynch "off the record", during which he has handed her Exhibit AA, a copy of the White-Paper that was delivered by hand to The Office of the Maine State Attorney General on 11/03/16 as well informed her of some Facts that have positively occurred to the Plaintiff on or about the date of 11/19/15 – 11/20/15.  The Plaintiff has provided her the cited exhibit and disclosed the facts as cited in this paragraph in the hopes that The Penobscot County District Attorney's Office would investigate those facts and bring the perpetrators to justice.  Exhibit K and Exhibit AA.

62. Marianne Lynch's response was entirely different and unexpected than the Plaintiff's idea of what an Honest District Attorney's response would be.  Instead of investigating the heinous crimes cited in Exhibit K and related to her by the Plaintiff in (¶61), Marianne Lynch immediately stated that the Facts (sometimes "spinning" them) that have verifiably and positively occurred to the Plaintiff that he has related to her in (¶59) gave her reason to demand a Title 15 Forensic Examination of the Plaintiff by The State of Maine.  Exhibit J, interspersed throughout entire hearing.

63. Marianne Lynch herself recognized that there was indeed a plea agreement on the table that did not involve a Title 15 Forensic Examination of the Plaintiff by The State of Maine (Exhibit J, page 3).

64. The hearing next consisted (but not exclusively) of Marianne Lynch attempting to get the Plaintiff to accept a court-appointed attorney, an

attorney that the Plaintiff was not rightfully eligible for at that time (and even if he was, Marianne Lynch had no lawful way of knowing that), and a lawyer that the Plaintiff refused to allow The Court to appoint for him due to his experience with Phil Mohlar as described in this complaint, Exhibit C, and during the 11/30/16 hearing. (Exhibit J pages 3 – 20, interspersed).

65. The rest of the 11/30/16 hearing could be properly summarized as follows. The Plaintiff has attempted to get the Firm and Necessary Terms of the plea agreement regarding the counseling that The State of Maine, The District Attorney's Office and Marianne Lynch were asking for, a question which both Marianne Lynch and Charles Budd were both adept at avoiding. Marianne Lynch repeatedly requested that the Plaintiff see a counselor specifically from Acadia Hospital (and nowhere else in the entire state), and specifically "Anne LeBlanc" (and no one else in the entire state), which the Plaintiff did not want to do for facts he stated both On the Record during the 11/30/16 hearing (Exhibit J) and facts that are painfully evident in Civil Action 1:20-cv-00043-JAW, *Glen Plourde v. Northern Light Acadia Hospital et al.* Marianne Lynch continually asked for a Title 15 Forensic Examination, and there was some double-talk surrounding whether or not one would be or had been ordered (Exhibit J, pages 29 – 30, 35), although the Plaintiff left with the reasonable and compelling belief that Judge Charles Budd had not ordered a Title 15 Forensic Examination of the Plaintiff as he has stated that he would order one at the next hearing if Marianne Lynch was unsatisfied with the counseling the Plaintiff had been receiving (Exhibit J, page 35). This reasonable and compelling belief that no Title 15 Forensic Examination had been ordered was furthermore corroborated during the 03/22/17 hearing as Judge Charles Budd has stated numerous times that he has not ordered a Title 15 Examination of the Plaintiff (¶¶73 – 83), and is furthermore corroborated by the fact that on 04/03/17 Marianne Lynch has made Official Motion for a Title 15 Forensic Evaluation of the Plaintiff (Exhibit L), all of which is On The Record and will be explained at the appropriate time within this complaint. Exhibit J, Exhibit L.

66. There are additional dirty details in the 11/30/16 Trial Transcript and the Transcript should be read in its entirety for proper context and undertones. Exhibit J.

67. One such dirty detail is Newport District Court Judge Charles Budd specifically asking Penobscot District Attorney Marianne Lynch if he is allowed to order "Anne LeBlanc" to participate in the Plaintiff's counseling. The exact quotation is "Am I [Judge Charles Budd] in a

position to order Ms. LeBlanc to participate in counseling like this" (Exhibit J, page 29, lines 18 – 19).  Marianne Lynch immediately responds in the affirmative with some explanation (Exhibit J, page 29, lines 20 – 22), and then Judge Budd proceeds to act on Marianne Lynch's answer without any due diligence of his own (Exhibit J, page 30).

Excuse me, just who is the Judge and who is the Prosecutor in this case?  The roles in this exchange and decision (¶67) are reversed.

68.  There are additional dirty details in the 11/30/16 Trial Transcript and the Transcript should be read in its entirety for proper context and undertones.  The Plaintiff will not dilute his complaint at this time with each and every "dirty detail" although an impartial reading of the transcript will reveal The Plaintiff was clearly being "played for a fool" and manipulated by both Marianne Lynch and Judge Charles Budd, working in conjunction with one another ("conspiracy and collusion").  Exhibit J.

69.  The next hearing was scheduled for 03/22/17.  Much like the 11/30/16 hearing, it did not go as smoothly as the Plaintiff had anticipated, as any impartial reading of the 03/22/17 trial transcript would agree.  Exhibit M.

70.  The Plaintiff was unfortunately unable to obtain the assistance of a counselor before the 03/22/17 hearing as he had trouble finding a counselor in the Skowhegan area that could meet with him prior to that date.  Furthermore, the Plaintiff was involved, directly in front of his residence at that time, 125 West Front Street, Skowhegan Maine 04976, in a hit-and-run which left his vehicle totaled on 12/23/16.  Additionally, due to events detailed in Civil Action 1:20-cv-00011-JAW *Glen Plourde v. Redington-Fairview General Hospital et al.* and 1:20-cv-00043-JAW *Glen Plourde v. Northern Light Acadia Hospital et al.*, the Plaintiff has been detained and held against his will between the dates of 01/11/17 – 02/08/17 which precluded him from attending counseling sessions pursuant to his plea agreement.  Finally, the Plaintiff was unable to replace his totaled vehicle until approximately 03/15/17.

71.  Everything the Plaintiff has stated in this complaint regarding the 11/30/16 hearing (¶¶59 – 68) is corroborated by both the 11/30/16 hearing trial transcript (Exhibit J) as well as the 03/22/17 hearing trial transcript (Exhibit M), with a notable exception, which will be detailed below.

72.  The 03/22/17 hearing began with Penobscot Assistant District Attorney
     Stephen Burlock ("Stephen Burlock"), who was filling in for Marianne
     Lynch that day, asking Judge Charles Budd for the results of the Title
     15 Forensic Examination ("Title 15") which Mariann Lynch's trial notes
     indicated had been ordered, presumably pursuant to Exhibit J, pages 29
     – 30 (¶65).  Exhibit M, pages 1 – 3.

73.  Judge Charles Budd then states numerous times that "there is no
     indication in my [Judge Budd's] file that a Title 15 was ordered",
     presumably pursuant to Exhibit J, page 35 (¶65).  Most of these
     admissions look suspiciously like an attempt to cover up malfeasance,
     particularly the admissions on pages 10, 12, and 13 and those
     continuing throughout the trial.  Exhibit M, pages 3, 10, 12, 13, and
     entire transcript thereafter, interspersed.

74.  Additionally and even more suspiciously, Judge Charles Budd "cannot
     recall" who was the presiding Judge during the 11/30/16 NEWDC-CR-
     16-20309 hearing, although he has already suspiciously stated that he
     has not ordered a Title 15 of the Plaintiff during that meeting (¶73), and
     "blames it" on Justice Anderson, who Judge Charles Budd identifies
     from his trial notes as being the presiding Judge during the 11/30/16
     hearing, although the presiding judge was clearly himself, Judge
     Charles Budd, and is identified in the 11/30/16 trial transcript (Exhibit
     J) as being him.  Exhibit M, page 12, Exhibit J.

75.  Directly after Judge Budd's statements cited in (¶74), there is a
     suspiciously large amount of conversation (twice in three sentences)
     between "The Court" (Judge Charles Budd) and "The Clerk" (not
     identified) that is apparently not considered "On the Record" as the
     contents of those "sidebars" have not been included in the 03/22/17 trial
     transcript, although the break in the conversation has been.  Exhibit M
     pages 12 – 13.

76.  Furthermore and even more suspiciously, Penobscot Assistant District
     Attorney Stephen Burlock has previously stated that Marianne Lynch's
     trial notes state that Judge Budd was the presiding Judge on 11/30/16
     (Exhibit M, page 12), however after Judge Budd "fingers" Justice
     Anderson (¶¶73 – 74), Stephen Burlock does a complete "U-Turn" in his
     testimony and then concurs with Judge Charles Budd's inaccurate
     (fraudulent) assessment that it was Justice Anderson who presided over
     the 11/30/16 hearing, and now says that Marianne Lynch's trial notes
     indeed indicate that it was Justice Anderson presiding over the 11/30/16
     hearing.  Exhibit M, pages 12 – 13.

77. Due to the fact that both Judge Charles Budd's trial notes (¶74) and
Penobscot County District Attorney Marianne Lynch's trial notes, as
relayed to The Court by Stephen Burlock (¶76), both fraudulently
indicate that it was Justice Anderson who presided over the 11/30/16
hearing (and/or probably ordered a Title 15 of the Plaintiff, as is
reasonably concluded), during which a Title 15 of the Plaintiff was
probably in all actuality ordered (¶¶65, 72 – 76), and due to the fact that
the topic of whether or not a Title 15 had been ordered was being
debated and was in contention between Judge Charles Budd and
Assistant District Attorney Stephen Burlock (¶¶72 – 76), the Plaintiff
asserts that there is clearly nefarious activity and malfeasance going on
here, as any reasonable, rationale and intelligent person (i.e. a Jury)
would agree, and the Plaintiff has therefore named Justice Anderson as
a Defendant in this complaint, as both the Penobscot County District
Attorney's trial notes and the Newport District Court's trial notes
fraudulently identify him as the presiding Judge on 11/30/16 (or perhaps
more precisely the Judge who has ordered a Title 15 of the Plaintiff,
(¶¶65, 72 – 76), although the 11/30/16 trial transcript (Exhibit J) clearly
identifies the presiding Judge as Judge Charles Budd and it is clearly
Judge Charles Budd's voice heard on the 11/30/16 trial audio transcript.
The Plaintiff is aware of the fact that the standard of evidence in this
case is a preponderance of the evidence.

78. Furthermore, it was Judge Charles Budd who presided over the
majority of NEWDC-PA-16-00103 and the entirety of NEWDC-CR-16-
20309.  The Plaintiff does not presume to be famous although objectively
speaking he is no stranger to The Federal or Maine State Governments
and Court System(s), not to mention Judge Charles Budd in particular,
and concludes therefore that it is highly improbable and downright
unbelievable that Judge Budd did not recall being the Presiding Judge
on 11/30/16.  This fact bolsters the Plaintiff's assertion in (¶77).

79. The Plaintiff therefore asserts, for the facts cited in (¶¶72 – 78),
particularly (¶¶74 – 80, 78) although the entirety of (¶¶72 – 78) is
relevant, that both Judge Charles Budd and Penobscot County
Assistant District Attorney Stephen Burlock are guilty of Perjury, as
Judge Budd denies being the presiding Judge on 11/30/16 and identifies
that Judge as Justice Anderson, and Stephen Burlock has done a
complete about-face and has offered contradicting testimony by first
stating that Marianne Lynch's trial notes indicate that Judge Budd was
the presiding Judge on 11/30/16 and after Judge Budd "fingers" Justice
Anderson, Stephen Burlock concurs that Marianne Lynch's trial notes
do in-fact list Justice Anderson as being the presiding Judge on
11/30/16.  This perjury is injurious to the Plaintiff and beneficial to

Judge Budd and Marianne Lynch as it provides cover for prosecutorial and judicial malfeasance and gives the appearance that a higher authority, that being a Maine State Supreme Court Justice, was required to hear the Plaintiff's district court case NEWDC-CR-16-20309 on 11/30/16.

80.   The Plaintiff therefore asserts, for the facts listed in (¶¶72 – 78), that there has been falsification and tampering with the trial court records, particularly The District Attorney's Office Trial Notes, the Newport District Court's Trial Notes, and the 11/30/16 and 03/22/17 NEWDC-CR-16-20309 Trial Transcripts, the last two being Public Record. Furthermore, the Plaintiff asserts that there have been falsification and tamping with the KENDC-CR-18-20983 and KENDC-CR-18-21183 records by Philip Mohlar, which are also Public Record, as described in (¶¶53 – 56).

81.   The Plaintiff furthermore asserts, for the facts listed in (¶¶72 – 78), that he has been victim to Defamation of Character by Marianne Lynch, Stephen Burlock, and Judge Budd as the 11/30/16 (Exhibit J) and 03/22/17 (Exhibit M) NEWDC-CR-16-20309 Trial Transcripts are Public Record and they imply that the Plaintiff has undergone or strongly suggest that the Plaintiff may have undergone a court-ordered Title 15 Forensic Examination (and may in fact be correct as cited in ¶¶70, 72 – 78, 88 although unknown and uncommunicated to the Plaintiff), and any reader reading these public documents would therefore reach the logical conclusion that the Plaintiff's Mental Health is highly-questionable and in-particular bad enough to warrant a Court-Ordered Maine State Title 15 Forensic Examination of him prior to allowing him to defend himself *Pro Se.* Additionally, the Plaintiff is made to appear by Stephen Burlock (and to a lesser extent Judge Budd, Exhibit M, page 32) as some "raving lunatic" who has undergone a Court-Ordered Maine State Title 15 Forensic Examination and is now stating to The Court, at length, that there was a plea agreement with The State of Maine reached on 11/30/16, which is evident in the 11/30/16 Trial Transcript (Exhibit J) although Stephen Burlock and Judge Budd are now denying any knowledge of that plea agreement at the very next court hearing on 03/22/17 (Exhibit M).  Exhibits J, M.

82.   Due to the highly suspicious and fraudulent statements made by both Judge Budd and Assistant District Attorney Stephen Burlock, as cited in (¶72 – 81), the Plaintiff reasonably concludes that anything stated by either Judge Budd or Stephen Burlock after approximately page 13 of the 03/22/17 Trial Transcript (Exhibit M) is highly suspect and should

be treated as such; however there are additional relevant issues within those pages that require proper examination in this complaint.

83. The rest of the 03/22/17 hearing could be properly summarized as follows. The Plaintiff was constantly and correctly stating to The Court that there was a 11/30/16 plea agreement in place, as well as stating the exact details of that plea agreement, and furthermore stating his intentions to fulfill it; Stephen Burlock was denying any knowledge of any such plea agreement and stating that there was no mention of any such plea agreement in the Marianne Lynch's notes, and was continuing to push for a Title 15 Forensic Examination of the Plaintiff, which may have already occurred as cited in (¶¶72 – 76, 81); and Judge Budd was denying knowledge of any such plea agreement as well as continually and suspiciously denying ever having ordered a Title 15 Forensic Examination of the Plaintiff a suspiciously large amount of times. Exhibit M.

84. There are some additional dirty details in the 03/22/17 hearing, as there were in the 11/30/16 hearing, that require examination and investigation.

85. The Plaintiff was literally beside himself and his anxiety level was at a near-record high as both The State of Maine and The Court were denying any knowledge of an 11/30/16 plea agreement and the suspicious and fraudulent statements cited in (¶¶72 – 81) had been made by both The State of Maine and The Court and it was clear to the Plaintiff that he was being "played for a fool" and "railroaded" by both The State of Maine and The Court. The Plaintiff had therefore asked Judge Budd if a record of the 11/30/16 hearing existed, as he was at the time a legal novice with no court experience whatsoever and honestly did not know. Judge Budd has replied that "There might be an audio recording", which appears to be a very self-serving statement to both himself and associated Defendants named in this action, as anyone who knows anything about Open Court knows about "The Record" (although the Plaintiff did not as described in this paragraph), Judge Budd as an Impartial Judge could have and should have informed the Plaintiff that there was definitely an audio record with a decisive answer and could have and should have furthermore instructed the Plaintiff upon how to go about obtaining it, which he did not, another action which the Plaintiff finds to be self-serving to both Judge Budd and associated Defendants named in this Action. The Plaintiff finds this action unsurprising as The State of Maine, their Prosecutors, and Judge Budd are caught red-handed by the Plaintiff as described in (¶¶72 – 81) and elsewhere in this complaint. Exhibit M, page 20.

86.  Judge Budd has tried to obfuscate the Fact that attorney Dick Hartley
     had been hired by the alleged victim in order to convince the prosecution
     to abandon their criminal case against the Plaintiff as discussed in
     (¶¶25 – 27, 38) by stating to the Plaintiff that he would need to "check
     with the alleged victim to make sure a plea agreement of "mere
     counseling" was satisfactory punishment in the opinion of the alleged
     victim", which is absurd and fraudulent as the opinion of the alleged
     victim had already been stated to The District Attorney's Office (¶¶25 –
     27, 38) and one reasonably concludes that The Court was aware of this
     fact.  When challenged by the Plaintiff about how exactly Marianne
     Lynch could have extended a plea agreement to the Plaintiff in the first
     place without already having consulted the alleged victim, Judge Budd
     continues to attempt to obfuscate the issue, is finally cornered by the
     Plaintiff and replies simply "That's a Fair Question".  Exhibit M, page
     32.

87.  There are additional dirty details in the 03/22/17 Trial Transcript and
     the transcript should be read in its entirety for proper context and
     undertones.  The Plaintiff will not dilute his complaint at this time with
     each and every "dirty detail" although an impartial reading of the
     transcript will reveal The Plaintiff was clearly being "played for a fool"
     and manipulated by both Stephen Burlock and Judge Charles Budd,
     working in conjunction with one another ("conspiracy and collusion").
     Exhibit M.

88.  The "mere counseling" required pursuant to the plea agreement between
     The State of Maine and the Plaintiff, as referenced in (¶86), has in-fact
     been a living nightmare, to the extent that it has merited its own
     separate complaint, 1:20-cv-00137-JAW, *Glen Plourde v. The State of
     Maine et al.*  Within that complaint you will find additional details
     which fortify the Plaintiff's assertions in this complaint, but are not
     necessary to prove the Plaintiff's assertions in this complaint.

89.  At the next NEWDC-CR-16-20309 hearing held 04/26/17, the Plaintiff
     was met in the lobby by a smiling Penobscot County District Attorney
     Marianne Lynch who handed him a dismissal.  On that dismissal
     "Witness Unavailable" was indicated.  Exhibit N.

90.  It is clear from the facts of this complaint that "Witness Unavailable"
     had been the fact since approximately 07/27/16 (¶¶25 – 28, 38) and that
     NEWDC-CR-16-20309 should have been rightfully and justifiably
     dropped at that time.  The Plaintiff has reminded Marianne Lynch of
     that fact in his First Three Points (1 – 3) in a "Motion to Dismiss" filed

by the Plaintiff with The Court on 04/18/17 (Exhibit O).  However, The State of Maine has continued to prosecute the Plaintiff an additional 9 months, at the expense of the Plaintiff and his family and much to the benefit (profit and gain) of the Defendants in this case.  Exhibit O.

91.   The Bail Conditions levied upon the Plaintiff pursuant to his 06/13/16 release from Penobscot County Jail have been needlessly extended an additional 9 months, to the gain and profit of the Defendants and at the expense of the Plaintiff.

92.   The State of Maine has had the opportunity to witness the Plaintiff and his attorney's interactions and the results of those interactions for an additional 9 months, to the gain and profit of the Defendants and at the expense of the Plaintiff.

93.   The State of Maine has had the opportunity to witness the Plaintiff and get him On the Record *Pro Se* in Open Court for an additional 9 months, to the gain and profit of the Defendants and at the expense of the Plaintiff.

94.   The State of Maine has had the opportunity to order Mental Health Counseling, which the Plaintiff has complied with (¶88), and a Title 15 Forensic Examination of the Plaintiff when they otherwise would not have had this opportunity if the case was dropped, as it should have been, on or about 07/27/16 (¶90).  This is clearly to the gain and profit of the Defendants at the expense of the Plaintiff.

95.   The State of Maine has had the opportunity to receive the results of that Mental Health Counseling and Title 15 Forensic Examination of the Plaintiff when they otherwise would not have had this opportunity if the case was dropped, as it should have been, on or about 07/27/16 (¶¶88, 90, 94).  This is clearly to the gain and profit of the Defendants at the expense of the Plaintiff.

96.   The State of Maine has had the opportunity to assess the Plaintiff's Legal Acumen as a *Pro Se Litigant* for an additional 9 months, to the gain and profit of the Defendants at the expense of the Plaintiff.

97.   The gain and profit in (¶96) cannot be understated as the Plaintiff has since that time been victim to numerous crimes visited upon him by The State of Maine and The Federal Government, some of which he has already filed actions for in Federal District Court and Maine State Superior Court, and some of which remain unfiled but will be filed.

98.    Furthermore, the Plaintiff has been a victim of Torture at the hands of
       The Federal Government (Exhibit A) and has reported that Torture to
       Bangor Police Officer David Trumbull on or about 11/20/15 (Exhibit A,
       pages 4 – 5, line items 9 – 11), Attorney Philip Mohlar at his office on or
       about 10/01/16 (Exhibit A, pages 9 – 10, line item 17k), The Maine State
       and Federal Governments (¶23) as well as Marianne Lynch (¶61).
       Torture is both a Federal and International Crime, as well as a War
       Crime, and is in some cases punishable by Death.  It is no surprise that
       The Government would wish to gauge the Plaintiff's Legal Acumen
       when they know they have Tortured the Plaintiff and know that the
       Plaintiff is well-prepared and exceedingly capable of proving it.

99.    For the facts cited in (¶¶90 – 98), it is clear that The Government and
       associated Defendants have benefited tremendously at the tremendous
       expense of the Plaintiff as a result of prosecuting him for an additional 9
       months when it is clear NEWDC-CR-18-20309 should have been
       dropped on or about 07/27/16 (¶90).

100.   It is furthermore clear, for the facts cited in (¶¶90 – 99), that The
       Government and associated Defendants have improperly and illegally
       obtained results from the legal process for which the legal process was
       not designed.

101.   The Plaintiff has a reasonable, compelling, and unwavering belief that
       all assertions and Counts within this complaint will be fortified by
       additional facts obtained through the Formal Discovery Process and
       furthermore asserts that all assertions and Counts within this
       complaint will be proven beyond a reasonable doubt.  The Plaintiff is
       aware that the standard of evidence in this case is a preponderance of
       the evidence.

102.   The Plaintiff therefore asserts, for the facts cited in (¶¶24 – 101) that
       there has been conspiracy and collusion between The State of Maine,
       Justice William Anderson, Judge Charles Budd, The Penobscot County
       District Attorney's Office, Penobscot County District Attorney Marianne
       Lynch, Penobscot County Assistant District Attorney Stephen Burlock,
       Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley
       in order to improperly interfere with the Defendant's rights to face his
       accuser, a violation of his Fourth Amendment Constitutional Right
       under the United States Constitution.  The Plaintiff finds that any
       reasonable and intelligent person (i.e. a Jury) would agree.

103.   The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that
       there has been conspiracy and collusion between The State of Maine,

Justice William Anderson, Judge Charles Budd, The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Penobscot County Assistant District Attorney Stephen Burlock, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to interfere with the Defendant's rights to procedural Due Process, a violation of his Fifth Amendment Constitutional Right under the United States Constitution.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would agree.

104. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that there has been conspiracy and collusion between The State of Maine, Justice William Anderson, Judge Charles Budd, The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Penobscot County Assistant District Attorney Stephen Burlock, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to interfere with the Defendant's rights to substantive Due Process, a violation of his Fifth Amendment Constitutional Right under the United States Constitution.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would agree.

105. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that there has been conspiracy and collusion between The State of Maine, Justice William Anderson, Judge Charles Budd, The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Penobscot County Assistant District Attorney Stephen Burlock, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to Maliciously Prosecute the Plaintiff, a violation of his Fourth Amendment Constitutional Right under the United States Constitution. The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would agree.

106. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that there has been conspiracy and collusion between The State of Maine, Justice William Anderson, Judge Charles Budd, The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Penobscot County Assistant District Attorney Stephen Burlock, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to commit Malicious Prosecution of the Plaintiff.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would agree.

107. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that there has been conspiracy and collusion between The State of Maine, Justice William Anderson, Judge Charles Budd, The Penobscot County

District Attorney's Office, Penobscot County District Attorney Marianne
Lynch, Penobscot County Assistant District Attorney Stephen Burlock,
Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley
in order to commit Abuse of Process upon the Plaintiff, a violation of his
Fourth Amendment Constitutional Right under the United States
Constitution.  The Plaintiff finds that any reasonable and intelligent
person (i.e. a Jury) would agree.

108. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that
there has been conspiracy and collusion between The State of Maine,
Justice William Anderson, Judge Charles Budd, The Penobscot County
District Attorney's Office, Penobscot County District Attorney Marianne
Lynch, Penobscot County Assistant District Attorney Stephen Burlock,
Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley
in order to commit Abuse of Process upon the Plaintiff.  The Plaintiff
finds that any reasonable and intelligent person (i.e. a Jury) would
agree.

109. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that
there has been conspiracy and collusion between The State of Maine,
Justice William Anderson, Judge Charles Budd, The Penobscot County
District Attorney's Office, Penobscot County District Attorney Marianne
Lynch, Penobscot County Assistant District Attorney Stephen Burlock,
Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley
in order to commit Malicious and Intentional Attorney Malpractice.  The
Plaintiff finds that any reasonable and intelligent person (i.e. a Jury)
would agree.

110. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that
there has been conspiracy and collusion between The State of Maine,
Justice William Anderson, Judge Charles Budd, The Penobscot County
District Attorney's Office, Penobscot County District Attorney Marianne
Lynch, Penobscot County Assistant District Attorney Stephen Burlock,
Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley
in order to commit Malicious and Intentional Tamping with and
Falsification of Public Court Records.  The Plaintiff finds that any
reasonable and intelligent person (i.e. a Jury) would agree.

111. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that
there has been conspiracy and collusion between The State of Maine,
Justice William Anderson, Judge Charles Budd, The Penobscot County
District Attorney's Office, Penobscot County District Attorney Marianne
Lynch, Penobscot County Assistant District Attorney Stephen Burlock,
Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley

in order to commit Malicious and Intentional Defamation of Character of the Plaintiff.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would agree.

112. The Plaintiff therefore asserts, for the facts cited in (¶24 – 101) that there has been conspiracy and collusion between The State of Maine, Justice William Anderson, Judge Charles Budd, The Penobscot County District Attorney's Office, Penobscot County District Attorney Marianne Lynch, Penobscot County Assistant District Attorney Stephen Burlock, Skowhegan attorney Philip Mohlar, and Bangor attorney Dick Hartley in order to commit Malicious and Intentional Perjury.  The Plaintiff finds that any reasonable and intelligent person (i.e. a Jury) would agree.

113. The Plaintiff has been diagnosed with Post Traumatic Stress Disorder ("PTSD") in approximately 2006 and his experiences with The Defendants as described in this complaint has very seriously aggravated that condition and has left a lasting scar on his psychological and emotional well-being that will last his entire lifetime, and he is well-aware of that fact.

114. The Plaintiff now harbors a well-founded distrust of The State of Maine and The Maine State Court System as it is clear, from the facts of this complaint, that The State of Maine and The Maine State Court System have abusively and maliciously prosecuted the Plaintiff and have furthermore illegally exploited him for their own personal profit and gain and the Plaintiff has suffered greatly in order for the Defendants to profit and gain from this unnecessary and illegal experience.  The Plaintiff knows that this distrust is not likely to abate within his lifetime.

115. The Plaintiff's character has been intentionally and maliciously defamed by the Defendants as cited in this complaint and that defamation cannot be undone and The Records containing that defamation are publicly available to anyone who wishes to inspect the NEWDC-CR-16-20309 or corresponding PENDC-CR-16-20309 docket and Trial Transcripts, as well as the KENDC-CR-18-20983 and KENDC-CR-18-21183 dockets and Trial Transcripts.  Anyone hearing that "The Plaintiff has been prosecuted for nearly a year for domestic violence assault" will get the distinct impression that the Plaintiff has done something very bad, as The State is usually assumed to be "The Good Guys" and The Defendant is usually assumed to be the "Bad Guys", particularly by Law-Abiding Citizens and particularly in criminal proceedings.  They will not receive the proper impression that the Plaintiff has been Maliciously Exploited

for the gain of The Defendants, as is what has actually happened as has been both reported and proven within this complaint. The Plaintiff is angered that his character has been permanently defamed by the Defendants and he can think of nothing that could possibly undue the results of this defamation that he has suffered between then and now or the future.

116. Plaintiff is scared and worried for the safety of both himself and his parents as it is clear that they have been used and exploited by The State of Maine and the Maine State Court System. The Plaintiff now harbors a well-founded distrust with the Maine State Legal System as it is clear his family has been exploited by it for the Defendants own personal gain and profit which has come at the expense of the Plaintiff and his Family. The Plaintiff's parents are now officially considered "Senior Citizens" and the Plaintiff has justifiable fears that they can be and are more easily manipulated by The State of Maine as a result of this experience. The Plaintiff knows that his well-founded distrust of the Maine State Legal System is unlikely to be remedied anytime within his lifetime.

117. Plaintiff's idea of a Just and Impartial Court System has been forever indelibly tarnished as a result of his experience in NEWDC-CR-16-20309 as it is clear from the facts of this complaint that all Defendants were working together and colluding and conspiring with one another for their own profit and gain at the expense of the Plaintiff and his Family (exploitation). The Plaintiff once believed that The Court was perhaps the one last bastion of Fairness, Equality, and Justice but no longer harbors any such naivety. The Plaintiff asserts it was a "better world to live in" when he still thought that Justice could be found within The Court System and knows that that "better world" he once thought of is now forever gone as a result of this experience.

118. Plaintiff knows he has been abused and exploited by The Defendants for reasons that have been detailed in this complaint and reasons that should be obvious within this complaint. The Plaintiff is ashamed that he has allowed himself to be "played for a fool" and abused and exploited as described in this complaint and still bears the burden of that shame to this day and likely will for the rest of his life, and he knows it.

### IV.  Claims for Relief

### <u>Count 1</u>

42 U.S.C. § 1985 – Conspiracy to Deprive United States Constitutional Rights, 5th Amendment Right to Substantive Due Process.

Glen Plourde v. The State of Maine et al.

119.  Paragraphs (15) – (118) are incorporated by reference as if pled herein.

120.  Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

121.  Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

122.  Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

123.  Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

124.  Plaintiff asserts that all Defendants have conspired to deprive him of his Fifth Amendment Rights to Substantive Due Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1985 as well as punitive damages to deter such Conspiracy to Deprive Substantive Due Process from occurring to the Plaintiff or to any other citizen again.

### <u>Count 2</u>

42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights, 5th Amendment Right to Substantive Due Process.

Glen Plourde v. The State of Maine et al.

125.  Paragraphs (15) – (118) are incorporated by reference as if pled herein.

126.  Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

127. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

128. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

129. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

130. Plaintiff asserts that all Defendants have deprived him of his Fifth Amendment Rights to Substantive Due Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1983 as well as punitive damages to deter such Deprivation of Substantive Due Process from occurring to the Plaintiff or to any other citizen again.

### Count 3

42 U.S.C. § 1985 – Conspiracy to Deprive United States Constitutional Rights, 5th Amendment Right to Procedural Due Process.

Glen Plourde v. The State of Maine et al.

131. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

132. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

133. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

134. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

135. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

136. Plaintiff asserts that all Defendants have conspired to deprive him of his Fifth Amendment Rights to Procedural Due Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1985 as well as punitive damages to deter such Conspiracy to Deprive Procedural Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 4

42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights,
5th Amendment Right to Procedural Due Process.

Glen Plourde v. The State of Maine et al.

137.  Paragraphs (13) – (118) are incorporated by reference as if pled herein.

138.  Plaintiff sues Penobscot County Superior Court Justice William
Anderson in both the individual and official capacity(s).

139.  Plaintiff sues Newport District Court Judge Charles Budd in both the
individual and official capacity(s).

140.  Plaintiff sues Penobscot County District Attorney Marianne Lynch in
both the individual and official capacity(s).

141.  Plaintiff sues Penobscot County Assistant District Attorney Stephen
Burlock in both the individual and official capacity(s).

142.  Plaintiff asserts that all Defendants have deprived him of his Fifth
Amendment Rights to procedural Due Process, as applied to the States
by the Fourteenth Amendment, as described within this complaint and
are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1983
as well as punitive damages to deter such Deprivation of United States
Constitutional Rights from occurring to the Plaintiff or to any other
citizen again.

## Count 5

42 U.S.C. § 1985 – Conspiracy to Deprive United States Constitutional
Rights, 4th Amendment Right to Protection from Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

143.  Paragraphs (15) – (118) are incorporated by reference as if pled herein.

144.  Plaintiff sues Penobscot County Superior Court Justice William
Anderson in both the individual and official capacity(s).

145.  Plaintiff sues Newport District Court Judge Charles Budd in both the
individual and official capacity(s).

146. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

147. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

148. Plaintiff asserts that all Defendants have conspired to deprive him of his Fourth Amendment Rights to Protection from Malicious Prosecution, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1985 as well as punitive damages to deter such Conspiracy to Deprive Protection from Malicious Prosecution from occurring to the Plaintiff or to any other citizen again.

## Count 6

42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights, 4th Amendment Right to Protection from Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

149. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

150. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

151. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

152. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

153. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

154. Plaintiff asserts that all Defendants have deprived him of his Fourth Amendment Rights to Protection from Malicious Prosecution, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1983 as well as punitive damages to deter such Deprivation of Protection from Malicious Prosecution from occurring to the Plaintiff or to any other citizen again.

## Count 7

42 U.S.C. § 1985 – Conspiracy to Deprive United States Constitutional Rights, 4th Amendment Right to Protection from Abuse of Process.

Glen Plourde v. The State of Maine et al.

155. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

156. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

157. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

158. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

159. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

160. Plaintiff asserts that all Defendants have conspired to deprive him of his Fourth Amendment Rights to Protection from Abuse of Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1985 as well as punitive damages to deter such Conspiracy to Deprive Protection from Abuse of Process from occurring to the Plaintiff or to any other citizen again.

## Count 8

42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights, 4th Amendment Right to Protection from Abuse of Process.

Glen Plourde v. The State of Maine et al.

161. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

162. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

163. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

164. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

165. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

166. Plaintiff asserts that all Defendants have deprived him of his Fourth Amendment Rights to Protection from Abuse of Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1983 as well as punitive damages to deter such Deprivation of Protection from Abuse of Process from occurring to the Plaintiff or to any other citizen again.

## Count 9

42 U.S.C. § 1985 – Conspiracy to Deprive United States Constitutional Rights, 4th Amendment Right to Face Accuser.

Glen Plourde v. The State of Maine et al.

167. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

168. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

169. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

170. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

171. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

172. Plaintiff asserts that all Defendants have conspired to deprive and/or interfere with his his Fourth Amendment Right to Face his Accuser, as applied to the States by the Fourteenth Amendment, as described within this complaint and are therefore liable to the Plaintiff for damages under 42 U.S.C. § 1985 as well as punitive damages to deter such Conspiracy to Deprive and/or interfere with the Right to Face an Accuser from occurring to the Plaintiff or to any other citizen again.

## Count 10

42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights,
4th Amendment Right to Face Accuser.

Glen Plourde v. The State of Maine et al.

173. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

174. Plaintiff sues Penobscot County Superior Court Justice William
Anderson in both the individual and official capacity(s).

175. Plaintiff sues Newport District Court Judge Charles Budd in both the
individual and official capacity(s).

176. Plaintiff sues Penobscot County District Attorney Marianne Lynch in
both the individual and official capacity(s).

177. Plaintiff sues Penobscot County Assistant District Attorney Stephen
Burlock in both the individual and official capacity(s).

178. Plaintiff asserts that all Defendants have deprived and/or interfered
with his Fourth Amendment Rights to Face his Accuser, as applied to
the States by the Fourteenth Amendment, as described within this
complaint and are therefore liable to the Plaintiff for damages under 42
U.S.C. § 1983 as well as punitive damages to deter such Deprivation
and/or Interference of Rights to Face and Accuser from occurring to the
Plaintiff or to any other citizen again.

## **Count 11**

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional
Rights secured by The United States Constitution, 5th Amendment Right to
Substantive Due Process.

Glen Plourde v. The State of Maine et al.

179. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

180. Plaintiff sues Penobscot County Superior Court Justice William
Anderson in both the individual and official capacity(s).

181. Plaintiff sues Newport District Court Judge Charles Budd in both the
individual and official capacity(s).

182. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

183. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

184. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Constitutional Rights secured by The United States Constitution, specifically his Fifth Amendment Right to Substantive Due Process, as applied to the States by the Fourteenth Amendment, as described within this complaint, and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S. § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentional deprive the Fifth Amendment Right to Substantive Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 12

5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights, 5th Amendment Right to Substantive Due Process.

Glen Plourde v. The State of Maine et al.

185. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

186. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

187. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

188. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

189. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

190. Plaintiff asserts that all Defendants have intentionally deprived him of his Fifth Amendment Constitutional Rights to Substantive Due Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional

deprivation of Substantive Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 13

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The United States Constitution, 5th Amendment Right to Procedural Due Process.

Glen Plourde v. The State of Maine et al.

191. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

192. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

193. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

194. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

195. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

196. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Constitutional Rights secured by The United States Constitution, specifically his Fifth Amendment Right to Procedural Due Process, as applied to the States by the Fourteenth Amendment, as described within this complaint, and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S. § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentional deprivation of the Fifth Amendment Right to Procedural Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 14

5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights, 5th Amendment Right to Procedural Due Process.

Glen Plourde v. The State of Maine et al.

197. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

198. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

199. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

200. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

201. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

202. Plaintiff asserts that all Defendants have intentionally deprived him of his Fifth Amendment Constitutional Rights to Procedural Due Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation of Procedural Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 15

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The United States Constitution, 4th Amendment Right to Protection from Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

203. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

204. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

205. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

206. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

207. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

208. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Constitutional Rights secured by The United States Constitution, specifically his Fourth Amendment Right to Protection from Malicious Prosecution, as applied to the States by the Fourteenth Amendment, as described within this complaint, and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S. § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentional deprivation of the Fourth Amendment Right to Procedural Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 16

5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights, 4th Amendment Right to Protection from Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

209. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

210. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

211. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

212. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

213. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

214. Plaintiff asserts that all Defendants have intentionally deprived him of his Fourth Amendment Constitutional Rights to Protection from Malicious Prosecution, as applied to the States by the Fourteenth Amendment, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation of Procedural Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 17

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The United States Constitution, 4th Amendment Right to Protection from Abuse of Process.

Glen Plourde v. The State of Maine et al.

215. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

216. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

217. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

218. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

219. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

220. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Constitutional Rights secured by The United States Constitution, specifically his Fourth Amendment Right to Protection from Abuse of Process, as applied to the States by the Fourteenth Amendment, as described within this complaint, and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S. § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentional deprivation of the Fourth Amendment Right to Protection from Abuse of Process from occurring to the Plaintiff or to any other citizen again.

## Count 18

5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights, 4th Amendment Right to Protection from Abuse of Process.

Glen Plourde v. The State of Maine et al.

221. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

222. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

223. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

224. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

225. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

226. Plaintiff asserts that all Defendants have intentionally deprived him of his Fourth Amendment Constitutional Rights to Protection from Abuse of Process, as applied to the States by the Fourteenth Amendment, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation of Protection from Abuse of Process from occurring to the Plaintiff or to any other citizen again.

### Count 19

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The United States Constitution, 4th Amendment Right to Face Accuser.

Glen Plourde v. The State of Maine et al.

227. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

228. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

229. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

230. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

231. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

232. Plaintiff asserts that all Defendants have conspired to intentionally deprive and/or interfere with his Constitutional Rights secured by The United States Constitution, specifically his Fourth Amendment Right to Face his Accuser, as applied to the States by the Fourteenth

Amendment, as described within this complaint, and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S. § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentionally deprive and/or interfere with the Fourth Amendment Right to Face an Accuser from occurring to the Plaintiff or to any other citizen again.

## Count 20

5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights, 4th Amendment Right to Face Accuser.

Glen Plourde v. The State of Maine et al.

233.  Paragraphs (15) – (118) are incorporated by reference as if pled herein.

234.  Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

235.  Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

236.  Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

237.  Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

238.  Plaintiff asserts that all Defendants have intentionally deprived and/or interfered with his Fourth Amendment Constitutional Rights to Face his Accuser, as applied to the States by the Fourteenth Amendment, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation and/or interference with the Right to Face an Accuser from occurring to the Plaintiff or to any other citizen again.

## Count 21

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The Maine State Constitution, Article 1 Section 6-A Right to Substantive Due Process.

Glen Plourde v. The State of Maine et al.

239. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

240. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

241. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

242. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

243. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

244. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Article 1 Section 6-A Maine State Constitutional Rights to Substantive Due Process, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentionally deprive the Right to Substantive Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 22

5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional Rights, Article 1 Section 6-A Right to Substantive Due Process.

Glen Plourde v. The State of Maine et al.

245. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

246. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

247. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

248. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

249. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

250. Plaintiff asserts that all Defendants have intentionally deprived him of his Article 1 Section 6-A Maine State Constitutional Rights to Substantive Due Process, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation of the Right to Substantive Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 23

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The Maine State Constitution, Article 1 Section 6-A Right to Procedural Due Process.

Glen Plourde v. The State of Maine et al.

251. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

252. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

253. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

254. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

255. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

256. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Article 1 Section 6-A Maine State Constitutional Rights to Procedural Due Process, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentionally deprive the Right to Procedural Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 24

5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional
Rights, Article 1 Section 6-A Right to Procedural Due Process.

Glen Plourde v. The State of Maine et al.

257. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

258. Plaintiff sues Penobscot County Superior Court Justice William
Anderson in both the individual and official capacity(s).

259. Plaintiff sues Newport District Court Judge Charles Budd in both the
individual and official capacity(s).

260. Plaintiff sues Penobscot County District Attorney Marianne Lynch in
both the individual and official capacity(s).

261. Plaintiff sues Penobscot County Assistant District Attorney Stephen
Burlock in both the individual and official capacity(s).

262. Plaintiff asserts that all Defendants have intentionally deprived him of
his Article 1 Section 6-A Maine State Constitutional Rights to
Procedural Due Process, as described within this complaint and as such
are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article
1 Section 19 of The Maine State Constitution as well as punitive
damages to deter such intentional deprivation of the Right to Procedural
Due Process from occurring to the Plaintiff or to any other citizen again.

## Count 25

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights
secured by The Maine State Constitution, Article 1 Section 6 Right to Protection
from Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

263. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

264. Plaintiff sues Penobscot County Superior Court Justice William
Anderson in both the individual and official capacity(s).

265. Plaintiff sues Newport District Court Judge Charles Budd in both the
individual and official capacity(s).

266. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

267. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

268. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Article 1 Section 6 Maine State Constitutional Rights to Protection from Malicious Prosecution, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentionally deprive the Right to Protection from Malicious Prosecution from occurring to the Plaintiff or to any other citizen again.

### Count 26

5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional Rights, Article 1 Section 6 Right to Protection from Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

269. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

270. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

271. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

272. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

273. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

274. Plaintiff asserts that all Defendants have intentionally deprived him of his Article 1 Section 6 Maine State Constitutional Rights to Protection from Malicious Prosecution, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation of the Right to Protection from Malicious Prosecution from occurring to the Plaintiff or to any other citizen again.

## Count 27

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The Maine State Constitution, Article 1 Section 6 Right to Protection from Abuse of Process.

Glen Plourde v. The State of Maine et al.

275. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

276. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

277. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

278. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

279. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

280. Plaintiff asserts that all Defendants have conspired to intentionally deprive him of his Article 1 Section 6 Maine State Constitutional Rights to Protection from Abuse of Process, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151, 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentionally deprive the Right to Protection from Abuse of Process from occurring to the Plaintiff or to any other citizen again.

## Count 28

5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional Rights, Article 1 Section 6 Right to Protection from Abuse of Process.

Glen Plourde v. The State of Maine et al.

281. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

282. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

- 44 -

283. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

284. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

285. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

286. Plaintiff asserts that all Defendants have intentionally deprived him of his Article 1 Section 6 Maine State Constitutional Rights to Protection from Abuse of Process, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation of the Right to Protection from Abuse of Process from occurring to the Plaintiff or to any other citizen again.

## Count 29

17-A M.R.S. § 151 – Conspiracy to Intentionally Deprive Constitutional Rights secured by The Maine State Constitution, Article 1 Section 6 Right to Face an Accuser.

Glen Plourde v. The State of Maine et al.

287. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

288. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

289. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

290. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

291. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

292. Plaintiff asserts that all Defendants have conspired to intentionally deprive and/or interfere with his Article 1 Section 6 Maine State Constitutional Rights to Face an Accuser, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A

M.R.S. § 151, 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such conspiracy to intentionally deprive and/or interfere with the Right to Face an Accuser from occurring to the Plaintiff or to any other citizen again.

## Count 30

5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional Rights, Article 1 Section 6 Right to Face an Accuser.

Glen Plourde v. The State of Maine et al.

293. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

294. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

295. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

296. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

297. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

298. Plaintiff asserts that all Defendants have intentionally deprived and/or interfered with his Article 1 Section 6 Maine State Constitutional Rights to Face an Accuser, as described within this complaint and as such are liable to the Plaintiff for damages under 5 M.R.S § 4682 and Article 1 Section 19 of The Maine State Constitution as well as punitive damages to deter such intentional deprivation and/or interference with the Right to Face an Accuser from occurring to the Plaintiff or to any other citizen again.

## Count 31

17-A M.R.S. § 151 – Conspiracy to Commit Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

299. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

300. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

301. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

302. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

303. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

304. Plaintiff asserts that all Defendants have engaged in a conspiracy to commit Malicious Prosecution, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151 and all applicable Malicious Prosecution Damage Statutes as well as punitive damages to deter such conspiracy to commit Malicious Prosecution from occurring to the Plaintiff or to any other citizen again.

## Count 32

Statute(s) Unknown – Malicious Prosecution.

Glen Plourde v. The State of Maine et al.

305. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

306. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

307. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

308. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

309. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

310. The Plaintiff is *Pro Se* and has been unable to find the Statutes concerning Malicious Prosecution, and both the State Law Library in Augusta and the Cleaves Law Library in Portland are closed due to COVID-19 lockdown.  The indigent *Pro Se* Plaintiff will consult with an

attorney if there is objection to this count being included before a Judge may clarify it or any of the State Law Libraries may open again.

311. Plaintiff asserts that all Defendants have engaged in Malicious Prosecution, as described within this complaint and as such are liable to the Plaintiff for damages under all applicable Malicious Prosecution Damage Statutes as well as punitive damages to deter such Malicious Prosecution from occurring to the Plaintiff or to any other citizen again.

## Count 33

17-A M.R.S. § 151 – Conspiracy to Commit Abuse of Process.

Glen Plourde v. The State of Maine et al.

312. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

313. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

314. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

315. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

316. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

317. Plaintiff asserts that all Defendants have engaged in a conspiracy to commit Abuse of Process, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151 and all applicable Abuse of Process Damage Statutes as well as punitive damages to deter such conspiracy to commit Abuse of Process from occurring to the Plaintiff or to any other citizen again.

## Count 34

Statute(s) Unknown – Abuse of Process.

Glen Plourde v. The State of Maine et al.

318. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

319. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

320. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

321. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

322. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

323. The Plaintiff is *Pro Se* and has been unable to find the Statutes concerning Abuse of Process, and both the State Law Library in Augusta and the Cleaves Law Library in Portland are closed due to COVID-19 lockdown. The indigent *Pro Se* Plaintiff will consult with an attorney if there is objection to this count being included before a Judge may clarify it or any of the State Law Libraries may open again.

324. Plaintiff asserts that all Defendants have engaged in Abuse of Process, as described within this complaint and as such are liable to the Plaintiff for damages under all applicable Abuse of Process Damage Statutes as well as punitive damages to deter such Abuse of Process from occurring to the Plaintiff or to any other citizen again.

## Count 35

17-A M.R.S. § 151 – Conspiracy to Commit Attorney Malpractice.

Glen Plourde v. The State of Maine et al.

325. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

326. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

327. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

328. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

329. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

330. Plaintiff asserts that all Defendants have engaged in a conspiracy to commit Attorney Malpractice, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151 and all applicable Attorney Malpractice Damage Statutes as well as punitive damages to deter such conspiracy to commit Abuse of Process from occurring to the Plaintiff or to any other citizen again.

### Count 36

Statute(s) Unknown – Attorney Malpractice.

Glen Plourde v. The State of Maine et al.

331. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

332. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

333. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

334. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

335. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

336. The Plaintiff is *Pro Se* and has been unable to find the Statutes concerning Attorney Malpractice, and both the State Law Library in Augusta and the Cleaves Law Library in Portland are closed due to COVID-19 lockdown. The indigent *Pro Se* Plaintiff will consult with an attorney if there is objection to this count being included before a Judge may clarify it or any of the State Law Libraries may open again.

337. Plaintiff asserts that all Defendants have engaged in Attorney Malpractice, as described within this complaint and as such are liable to the Plaintiff for damages under all applicable Attorney Malpractice Damage Statutes as well as punitive damages to deter such Abuse of Process from occurring to the Plaintiff or to any other citizen again.

### Count 37

17-A M.R.S. § 151 – Conspiracy to Commit Defamation of Character.

Glen Plourde v. The State of Maine et al.

338. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

339. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

340. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

341. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

342. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

343. Plaintiff asserts that all Defendants have engaged in a conspiracy to commit Defamation of the Plaintiff's Character, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151 and all applicable Defamation of Character Damage Statutes as well as punitive damages to deter such conspiracy to commit Defamation of Character from occurring to the Plaintiff or to any other citizen again.

## Count 38

Statute(s) Unknown – Defamation of Character.

Glen Plourde v. The State of Maine et al.

344. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

345. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

346. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

347. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

348. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

349. The Plaintiff is *Pro Se* and has been unable to find the Statutes concerning Defamation of Character, and both the State Law Library in Augusta and the Cleaves Law Library in Portland are closed due to COVID-19 lockdown.  The indigent *Pro Se* Plaintiff will consult with an attorney if there is objection to this count being included before a Judge may clarify it or any of the State Law Libraries may open again.

350. Plaintiff asserts that all Defendants have engaged in Defamation of Character, as described within this complaint and as such are liable to the Plaintiff for damages under all applicable Defamation of Character Damage Statutes as well as punitive damages to deter such Defamation of Character from occurring to the Plaintiff or to any other citizen again.

## Count 39

17-A M.R.S. § 151 – Conspiracy to Commit Perjury (17-A M.R.S § 451).

Glen Plourde v. The State of Maine et al.

351. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

352. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

353. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

354. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

355. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

356. Plaintiff asserts that all Defendants have engaged in a conspiracy to commit Perjury, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151 and 17-A M.R.S § 451 as well as punitive damages to deter such conspiracy to commit Perjury from occurring to the Plaintiff or to any other citizen again.

## Count 40

17-A M.R.S § 451 – Perjury.

Glen Plourde v. The State of Maine et al.

357. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

358. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

359. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

360. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

361. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

362. Plaintiff asserts that all Defendants have engaged in Perjury, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S § 451 as well as punitive damages to deter such Perjury from occurring to the Plaintiff or to any other citizen again.

## **Count 41**

17-A M.R.S. § 151 – Conspiracy to Commit Tampering with Public Records or Information (17-A M.R.S § 456).

Glen Plourde v. The State of Maine et al.

363. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

364. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

365. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

366. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

367. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

368. Plaintiff asserts that all Defendants have engaged in a conspiracy to tamper with public records or information, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151 and 17-A M.R.S § 456 as well as punitive damages to deter such conspiracy to tamper with public records or information from occurring to the Plaintiff or to any other citizen again.

## Count 42

17-A M.R.S § 456 – Tampering with Public Records or Information.

Glen Plourde v. The State of Maine et al.

369. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

370. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

371. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

372. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

373. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

374. Plaintiff asserts that all Defendants have engaged in Tampering with Public Records or Information, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S § 456 as well as punitive damages to deter such Tampering with Public Records or Information from occurring to the Plaintiff or to any other citizen again.

## Count 43

17-A M.R.S. § 455 – Conspiracy to Commit Falsification of Physical Evidence (17-A M.R.S § 455).

Glen Plourde v. The State of Maine et al.

375. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

376. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

377. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

378. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

379. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

380. Plaintiff asserts that all Defendants have engaged in a conspiracy to falsify physical evidence, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S. § 151 and 17-A M.R.S § 455 as well as punitive damages to deter such conspiracy to falsify physical evidence from occurring to the Plaintiff or to any other citizen again.

## Count 44

17-A M.R.S § 455 – Falsifying Physical Evidence.

Glen Plourde v. The State of Maine et al.

381. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

382. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

383. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

384. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

385. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

386. Plaintiff asserts that all Defendants have engaged in falsifying physical evidence, as described within this complaint and as such are liable to the Plaintiff for damages under 17-A M.R.S § 456 as well as punitive damages to deter such falsifying of physical evidence from occurring to the Plaintiff or to any other citizen again.

## Count 45

Violation of Article 12 of the Geneva Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Adopted by the United Nations General Assembly on December 10 1984 – Failure to Conduct a Prompt and Impartial Investigation of Allegation(s) of Torture.

Glen Plourde v. The State of Maine et al.

387. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

388. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

389. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

390. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

391. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

392. Plaintiff asserts that all Defendants have Violated Article 12 of the United Nations Geneva Convention Against Torture by failing to Conduct a Prompt and Impartial Investigation of the Plaintiff's Allegation(s) of Torture and are therefore Liable to the Plaintiff under International Law, specifically the United Nations to which the United States is a signed and principal party.

## Count 46

Violation of Article 13 of the Geneva Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Adopted by the United Nations General Assembly on December 10 1984 – Failure to Promptly and Impartially Investigate the Plaintiff's Complaint(s) of Torture and Failure to Protect the Plaintiff against any and all Ill-Treatment and Intimidation as a Consequence of his Complaint(s) and Evidence Given.

Glen Plourde v. The State of Maine et al.

393. Paragraphs (15) – (118) are incorporated by reference as if pled herein.

394. Plaintiff sues Penobscot County Superior Court Justice William Anderson in both the individual and official capacity(s).

395. Plaintiff sues Newport District Court Judge Charles Budd in both the individual and official capacity(s).

396. Plaintiff sues Penobscot County District Attorney Marianne Lynch in both the individual and official capacity(s).

397. Plaintiff sues Penobscot County Assistant District Attorney Stephen Burlock in both the individual and official capacity(s).

398. Plaintiff asserts that all Defendants have Violated Article 13 of the United Nations Geneva Convention Against Torture by failing to Promptly and Impartially Investigate the Plaintiff's Allegation(s) of Torture as well as Failure to Protect the Plaintiff against any and all Ill-Treatment and Intimidation as a Consequence of his Complaint(s) and Evidence Given and are therefore Liable to the Plaintiff under International Law, specifically the United Nations to which the United States is a signed and principal party.

### V. Certification and Closing

By signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/24, 2020

Signature of Plaintiff _____

Printed Name of Plaintiff _____ Glen Plourde