UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN PLOURDE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00149-LEW |
| | ) | |
| STATE OF MAINE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER OF DISMISSAL**
**BASED ON LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff seeks damages allegedly resulting from a prosecution in state court that he contends should have been dismissed more quickly. Following a review of the substantiality of the federal issues, the Complaint is DISMISSED. Plaintiff is hereby advised that filing restrictions may follow if he pursues further baseless or frivolous litigation.

**BACKGROUND**

The State of Maine initiated criminal proceedings against Plaintiff in June 2016 as a result of an alleged domestic violence incident between Plaintiff and his father. The State dismissed the charges in April 2017. Plaintiff, asserting that the case should have been dismissed more quickly, filed a complaint with this Court against the State of Maine, two state judges, a district attorney's office for one of Maine's counties, two state prosecutors, his defense attorney, and his father's attorney. Plaintiff alleges forty-six counts, including

deprivation of state and federal constitutional rights, malicious prosecution, attorney malpractice, defamation, perjury, tampering with public records, falsification of evidence, and failure to investigate or protect against torture.

## DISCUSSION

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts.  *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005).  Courts have determined that this permits them to dismiss a complaint prior to service of process on the named defendants when the complaint is frivolous or obviously lacks merit:

> Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A, permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable.  However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.  In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (internal citations omitted); *see also*, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331

(D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").  A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the legitimate federal issues are not substantial.  *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").[1]

My review of the allegations in the complaint and the exhibits reveals many of the concerns that characterize unsubstantial claims.  For example, Plaintiff implausibly asserts that there was a grand conspiracy among the prosecutors, private attorneys, and judges; that his original appointed attorney's name was actually an alias; that a judge and two prosecutors committed perjury and falsified or tampered with official records to hide the identity of the judge who presided over one of his hearings; and that the defendants delayed

---

[1] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim,  *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law.  *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule.  It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

dismissing the charges partly to observe him and gauge his legal acumen because they knew he had been tortured and would try to prove it.[2]  Plaintiff's allegations cannot reasonably be construed to assert a substantial federal claim.  Dismissal is, therefore, appropriate.

Because dismissal of the federal claims is warranted, I do not exercise supplemental jurisdiction over the state law claims.  *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

Because Plaintiff's complaint in this and several other cases lack merit, *see* 1:19-cv-00486-JAW; 2:19-cv-00532-JAW, 1:20-cv-00137-GZS, Plaintiff is hereby advised that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## CONCLUSION

Plaintiff's complaint is **DISMISSED**.  Plaintiff is advised that filing restrictions may follow if he pursues further baseless or frivolous litigation.

**SO ORDERED.**

Dated this 21st day of May, 2020.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff submitted exhibits claiming he was the victim of torture in a top-secret government program, suffered a coordinated electronic hacking campaign, and has been sent hidden messages in various unrelated documents, numbers, and media, among other assertions.